**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    Case No.: 8:14-cr-221-WFJ-AAS

GERALD EUGENE MAYHAM

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Gerald Eugene Mayham, USM#: 60423-018, moves, *pro se*, (Dkt. 73) for a reduction in sentence.  Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 7, 2015, Gerald Eugene Mayham was sentenced to 235 months under 18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1), (b)(2), (c) and 2 for sex trafficking of children. Mr. Mayham's total offense level was 32, and his criminal history was category V. Mr. Mayham's advisory sentencing range was 188–235 months. He received a guidelines sentence at the top of the range to be followed by supervised release of ten years upon release from imprisonment. The sentence carried a mandatory minimum term of imprisonment for not less than 10 years or for life. The Bureau of Prisons reports that his projected release date is August 2, 2030.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

2

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that under 18 U.S.C. § 3582(c)(2) and the policy statement in USSG §1B1.10(b)(2)(A), a retroactive application of Amendment 821 is impermissible because Mr. Mayham was assessed one or more criminal history points (12) and was not assessed status points.  Dkt. S-76 at 1.

A Federal Defender was appointed and filed a notice of satisfying its requirements under the Amendment 821 Omnibus Order.  Dkt. 80.  The Federal Defender will not be filing a motion for sentence reduction on behalf of Defendant Gerald Eugene Mayham because he "received 12 criminal history points and did not receive any status points. Defendants are only eligible for a sentence reduction under Amendment 821 if they receive either zero criminal history points, Part B, or received status points, Part A."  *Id.* at 2–3.  The Court provided 21 days for any pro se filing.  Dkt. 81.  Nothing additional has been filed.

Even if Defendant were eligible and even considering the sentencing factors in 18 U.S.C. § 3553(a), the Court would not reduce the 235-month sentence.  The crime, as noted in the factual basis of the written guilty plea, involved soliciting men to engage in commercial sex acts with a 16-year-old girl, whom Defendant

controlled with drugs.  *See* Dkt. 55 at 14–16.  The men paid Defendant, who used the proceeds to purchase drugs.  *Id.*  To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law."  *See id.* at (a)(2)(A).  The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Mayham's *pro se* motion (Dkt. 73) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on May 26, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**